UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



OFFICE COPY

10 CIV 0810

STAMPORTS INC. and NOBLE AMERICAS CORP.,

        Plaintiffs,

- against -

MV SICHEM DEFIANCE, her engines, etc., <u>in rem;</u> and EITZEN CHEMICAL (SINGAPORE) PTE. LTD,

        Defendants.

2010 Civ. _____

<u>VERIFIED
COMPLAINT</u>

Plaintiffs Stamports Inc. and Noble Americas Corporation, by their attorneys, Nicoletti Hornig & Sweeney, as and for its Verified Complaint herein against Defendants MV SICHEM DEFIANCE ("Vessel") and Eitzen Chemical (Singapore) Pte. Ltd ("Eitzen") allege upon information and belief as follows:

1.    This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.    At all material times Defendant Eitzen was the owner of the ocean going chemical tanker, Defendant MV SICHEM DEFIANCE.

3.    Plaintiff Stamports, a wholly owned subsidiary of Plaintiff Noble Americas Corporation, is exclusively engaged in chartering vessels for carriage of cargoes belonging to Plaintiff Noble Americas Corporation as well as its affiliates. Plaintiff Stamports was the named charterer of the Vessel under a charter party with Defendant Eitzen dated December 22, 2009 for the carriage of an anhydrous ethanol cargo (the "Cargo") from New York to Jamaica (the "Charter").

4. The Vessel arrived in New York last month and commenced loading the Cargo from a barge in Gravesend Bay. On January 10, 2010 while still loading and before loading was completed, two of the Vessel's cargo tanks became overpressurized, causing it to rupture, and resulting in loss to and/or contamination of some of the Cargo.

5. The loss to and/or contamination of the Cargo was caused by Defendants' breach of the Charter and their obligations as ocean carriers under the maritime laws of the United States, all of which give rise to maritime liens on the Vessel.

6. The parties have agreed to security for Plaintiffs' claims, and to the jurisdiction of this Court in whose navigable waters the casualty occurred, and in the District where the arbitration will take place in order to avoid the need to arrest the vessel. Plaintiffs therefore do not request that the Court issue and the Marshal serve a warrant of arrest; nor process of maritime attachment and garnishment.

7. The Charter provides for arbitration of claims in New York. Plaintiffs bring this suit under 9 U.S.C. § 8 while reserving its right to arbitrate, with the Court retaining jurisdiction for purposes of enforcing the award of the arbitrators.

8. By reason of the premises, Plaintiffs have suffered damages in the amount of $1,500,000 as near as may now be determined.

AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE VESSEL IN REM

9. Plaintiffs are entitled to recover judgment against the Vessel in rem entered upon an arbitration award in Plaintiffs' favor against the Defendants.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT EITZEN

10. Plaintiffs are entitled to recover judgment upon an arbitration award in Plaintiffs' favor against Defendant Eitzen.

WHEREFORE, Plaintiffs prays that the Court:

a. Direct the parties to proceed to arbitration, stay this suit pending the outcome of the arbitration, and retain jurisdiction to enter judgment on any award by the arbitrators; and

b. Award such other and further relief as the Court may deem just and proper.

Date: New York, New York
February 3, 2010

Respectfully submitted,

NICOLETTI HORNIG & SWEENEY
*Attorneys for Stamports Inc. and Noble Americas Corporation.*

By: /s/
Michael Marks Cohen, Esq.
William M. Fennell, Esq.
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, New York 10005
Telephone: 212-220-3830
(Our file number: 81000087)

## VERIFICATION

MICHAEL MARKS COHEN declares under penalty of perjury, as provided in 28 U.S.C. § 1746 and says:

I am an attorney for Plaintiffs Stamports Inc. and Noble Americas Corp., with responsibility for pursuing the claim referred to in the Verified Complaint. The foregoing Verified Complaint is true to my knowledge and belief, except as to matters alleged upon information and belief, and as to those matters, I believe them to be true. I make this Verification on behalf of Plaintiffs because both Plaintiffs are corporations organized and existing under the laws of the State of Delaware with offices and principal places of business located in Stamford, Connecticut and do not have any offices or managing agents in the District.

Dated: New York, NY
February 3, 2010

_____
MICHAEL MARKS COHEN