14-10/WDM
FREEHILL HOGAN & MAHAR, LLP
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Wayne D. Meehan
Gina M. Venezia
*Attorneys for Defendant*
*Eitzen Chemical (Singapore) Pte. Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STAMPORTS INC. and NOBLE AMERICAS CORP. | **10-cv-0810 (CM)** |
| Plaintiffs, | |
| -against - | |
| M/V SICHEM DEFIANCE, her engines, etc., in rem; and EITZEN CHEMICAL (SINGAPORE) PTE. LTD. | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' REQUEST TO CONDUCT DISCOVERY
PURSUANT TO FED.R.CIV.PROC. 27 and N.Y. C.P.L.R. §3102(C),
<u>SOUGHT VIA ORDER TO SHOW CAUSE</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ...................................................................................1

SUMMARY OF ARGUMENT IN OPPOSITION.........................................................1

SUMMARY OF RELEVANT FACTS .........................................................................2

ARGUMENT

PLAINTIFFS' REQUEST TO CONDUCT
DOCUMENT DISCOVERY AND NUMEROUS DEPOSITIONS
SHOULD BE DENIED IN THIS CASE
WHICH IS SUBJECT TO MANDATORY ARBITRATION ......................................4

    A.    This Case is Governed by the New York Convention and the FAA ....................4

    B.    Section 7 of the FAA Governs and Does Not Allow Pre-Arbitration Discovery ...6

    C.    Neither Federal Rule of Civil Procedure 27 nor C.P.L.R. §3102 Supports ..............
           Plaintiffs' Position or Authorizes the Depositions Plaintiffs Seek .......................11

        1.  *Plaintiffs' reliance N.Y. C.P.L.R. §3102 is wholly misplaced, as it has no*
           *application in this federal court action* ..........................................................11

        2.  *Plaintiff's reliance on Federal Rule of Civil Procedure 27 is equally*
           *misplaced. The Rule does not apply to arbitral matters, and Plaintiffs have*
           *not satisfied the Rule's requirements in any even* ..........................................12

    D.    The Cases Relied Upon by Plaintiffs Are Not Controlling, Not Applicable and
           re Against the Pronouncements of the Second Circuit Concerning the Scope of
           Discovery in Arbitral Matters ............................................................................16

CONCLUSION ..........................................................................................................18

CERTIFICATE OF SERVICE ...................................................................................20

# TABLE OF AUTHORITIES

**Cases**

*Ash v. Cort*, 512 F.2d 909 (3d Cir. 1975) .................................................................. 13

*Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012 (2d Cir. 1993)........................................ 5

*Deiulemar Campania di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473 (4th Cir. 1999) ........ 10

*Dublin Worldwide Productions (USA), Inc. v. Jam Theatricals, Ltd.*, 162 F. Supp. 2d 275
(S.D.N.Y. 2001)............................................................................................................ 11

*In re Allegretti*, 229 F.R.D. 93 (S.D.N.Y. 2005) ........................................................... 15

*In Re Meridian Bulk Carriers, Ltd.*, 2003 U.S. Dist. Lexis 24203, No. 03-2011
(E.D. La. July 17, 2003)................................................................................................ 14

*In re VTrader Pro, LLC*, 885 N.Y.S.2d 164 (N.Y. Supreme Ct. 2009)........................................ 11

*In re Wolfson*, 453 F.Supp. 1087 (S.D.N.Y. 1978)......................................................... 15

*Jackson v. Good Shepherd Servs.*, No. 09-cv-5895 (LAK), 2009 U.S. Dist. LEXIS 103504
(S.D.N.Y. Nov. 6, 2009) ............................................................................................... 13

*Life Receivables Trust v. Syndicate 102 at Lloyds of London*, 549 F. 3d 210 (2d Cir. 2008) ..... 6-9

*Luethke v. Seagram Co.*, 2000 U.S. Dist. Lexis 18591 (S.D.N.Y. December 27, 2000).............. 11

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) ...................... 3-4

*Mosseller v. U.S.*, 158 F.2d 380 (2d Cir. 1947) ............................................................ 13, 18

*Nat'l Broadcasting Co., Inc. v. Bear Stearns & Co.*, 165 F.3d 184 (2d Cir. 1999).................... 6-8

*Peters v. Security Pacific Corp.*, No. 89-cv-6791 (CSH), 1990 U.S. Dist. Lexis 336,
(S.D.N.Y. Jan. 9, 1990).............................................................................................. 2, 12

*Phibro Commodities v. M/V Rizcun Trader*, 1997 A.M.C. 2025 (E.D. Pa. 1997)....................... 16

*Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88
(2d Cir. 1999)................................................................................................................ 5

*Southland Corp. v. Keating*, 465 U.S. 1 (1984)......................................................................... 4

*Suarez-Valdez v. Shearson Lehman/Am. Exp., Inc.*, 858 F.2d 648 (11th Cir. 1988).................... 17

*The Republic of Kazakhstan v. Biederman Int'l,* 168 F. 3d 880 (5th Cir. 1999) ........................ 9-10

*Zwitserse Maatschappij Van Levensverzekering En Lijfrente v. ABN Int'l Capital Markets Corp.,*
   996 F. 2d 1478 (2d Cir. 1993) ................................................................................................. 8

**Other Authorities**

Convention on the Recognition and Enforcement of Foreign Arbitral Awards,
   9 U.S.C. §§ 201-208 ............................................................................................................. 4-5

Federal Arbitration Act, 9 U.S.C. §§ 1 -9 ................................................................................ 6-10

FAA, 9 U.S.C. §7 .................................................................................................................... 6-10

Fed. R. Civ. Proc. 27 ................................................................................................................. 11

N.Y. C.P.L.R. §3102(c) ........................................................................................................ 12-16

## PRELIMINARY STATEMENT

Defendant Eitzen Chemical (Singapore) Pte. Ltd. ("Defendant" or "Eitzen")[1] submits this opposition to Plaintiffs' application, under Fed. R. Civ. Proc. 27 and N.Y. C.P.L.R. §3102(c), for discovery in aid of a dispute that is subject to mandatory arbitration pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ["the New York Convention"], 9 U.S.C. §§ 201-208, and the Federal Arbitration Act [FAA], 9 U.S.C. §§ 1 -9.

## SUMMARY OF ARGUMENT IN OPPOSITION

As outlined more fully below, Plaintiffs are not entitled to the relief they seek and their reliance on Federal Rule of Civil Procedure 27 and C.P.L.R. §3102 is improper. Plaintiffs agreed to a dispute resolution procedure (arbitration) which does not provide for pre-arbitration discovery much less depositions. The Second Circuit has made clear its commitment to arbitration and has confirmed that the circumstances are severely limited when a district court can act in the evidence gathering for a dispute subject to arbitration. A court's authority to so act derives from the FAA. Significantly, the FAA does not authorize a court to issue orders relating to pre-arbitration discovery. On the contrary, the FAA specifically delegates the power to compel witness attendance to the arbitrators, and a court's only role is to issue orders to enforce lawful orders of the arbitrators. Plaintiffs' application therefore finds no support in the governing FAA.

Plaintiffs' application should also be denied for a more fundamental reason. They contractually agreed to submit all disputes "whatsoever" to arbitrators. In so doing, Plaintiffs agreed that the arbitrators (not a court) would decide the extent of the discovery which is permitted/required. The strong policy favoring arbitration, particularly in matters involving international commerce such as here, commands adherence to the parties' agreement. Plaintiffs

---

[1] Eitzen responds to Plaintiffs' application individually and as claimant of the *in rem* defendant, M/V SICHEM DEFIANCE.

should not now be allowed to circumvent that agreement and take advantage of the broad-based discovery procedures that might have been available if the dispute was to be litigated in federal court or New York state court. In the words of noted admiralty jurist Judge Haight, an agreement to arbitrate "necessarily carries with it the foregoing of discovery procedures otherwise available in litigation. To hold otherwise would disregard the parties' contract."[2]

Furthermore, neither the procedural rules nor the cases relied upon by Plaintiffs warrants the relief they seek. The C.P.L.R. rule on which they rely is a state court procedure and has no application whatsoever in this federal court case. Federal Rule of Civil Procedure 27 does not allow discovery in cases involving arbitration, but even if it did, Plaintiffs have not met the requirements of that provision. Finally, the cases cited by Plaintiffs in support of their argument that broad-based pre-arbitration discovery should be allowed are not controlling and are against the more recent pronouncements of the Second Circuit addressing the scope of evidence gathering in matters subject to arbitration. There is consequently no support for Plaintiffs' application, and it should be denied.[3]

## SUMMARY OF RELEVANT FACTS

This action relates to and arises out of a maritime contract of voyage charter party between Plaintiffs and Defendant Eitzen. (*See* Verified Comp. ¶¶ 2 – 7; Plaintiffs' Decl. at Ex.

---

[2] *Peters v. Security Pacific Corp.*, No. 89-cv-6791 (CSH), 1990 U.S. Dist. Lexis 336, *1-2 (S.D.N.Y. Jan. 9, 1990).

[3] In the alternative, any pre-arbitration discovery that might be allowed should be limited. Plaintiffs' application seeks not only voluminous documentation, but more importantly, the depositions of no less than six (6) crewmembers plus any other witness designated by Plaintiffs. Taking the immediate deposition of 6 crewmembers will disrupt the vessel's operations and ongoing repair efforts and will be time-consuming and expensive. Balancing these intrusions against the fact that the underlying dispute is subject to mandatory arbitration which is supposed to be more expedient and less expensive and which does not allow pre-arbitration discovery in any event compels a limitation on the discovery sought. Defendant therefore requests that any depositions which the Court may allow be limited in number and duration.

A: copy of charter). Defendant Eitzen, a Singapore business entity, is the registered owner of the M/V SICHEM DEFIANCE. (*See* Declaration of Wayne Meehan ¶2.) By charter dated December 22, 2009, Eitzen, as owner, chartered the M/V SICHEM DEFIANCE to Plaintiff Stamports for the carriage of a cargo of anhydrous ethanol from the U.S. to Jamaica. (Verified Comp. ¶3; Ex. A: charter party).[4]

Plaintiffs allege that during the loading of the subject cargo, "two of the Vessel's cargo tanks became over-pressurized, causing [them] to rupture, and resulting in loss to and/or contamination of some of the Cargo." (Verified Comp. ¶4.) Plaintiffs claim that Defendant is liable for the alleged loss and seek in their complaint damages from Defendant. (Verified Comp. ¶¶ 5, 8.)

There is no dispute that the subject charter party provides for New York arbitration and Plaintiffs' claim is subject to arbitration. (Verified Comp. ¶7.) The parties selected the Asbatankvoy charter party form as the governing form, and Clause 24 of the Asbatankvoy form states:

> 24. ARBITRATION. Any and all difference and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York ... pursuant to the laws relating to arbitration there in force, before a board of three persons, consisting of one arbitrator to be appointed by the Owner, one by the Charterer, and one by the two so chosen. The decision of any two of the three on any point or points shall be final. ...

(*See* Plaintiffs' Decl. Ex. A: Asbatankvoy charter party form clause 24.) Plaintiffs indeed admit that they agreed to arbitrate the underlying dispute. (Verified Comp. ¶7.)

However, notwithstanding their clear agreement to arbitrate "any and all differences and disputes of whatsoever nature arising out of [the] Charter", Plaintiffs seek with their current

---

[4] Plaintiff Stamports is "a wholly owned subsidiary of Plaintiff Noble Americas Corporation" and "is exclusively engaged in chartering vessels for carriage of cargoes belonging to Plaintiff Noble Americas Corporation as well as its affiliates." (Verified Comp. ¶3.) Stamports thus entered into the subject charter party on behalf of Noble Americas which is also (admittedly) subject to the charter party provisions, including its arbitration clause.

application to conduct pre-arbitration discovery in the form of document discovery and the depositions of six (6) members of the vessel's crew and any other additional witnesses later designated by Plaintiffs, while the vessel is currently undergoing temporary repairs (*See* Plaintiffs' Decl. ¶¶ 11 – 12.)[5]  Their application is set for hearing before The Honorable Lewis A. Kaplan, sitting as the Part 1 judge, for February 4, 2010, at 2:15 p.m.

Plaintiffs have based their application on Federal Rule of Civil Procedure 27 and N.Y. C.P.L.R. §3102(c), neither of which supports Plaintiffs' request in this case which is subject to arbitration and governed by the Federal Arbitration Act and the New York Convention. Accordingly, for the reasons outlined more fully below, their request should be denied.

## ARGUMENT:

### PLAINTIFFS' REQUEST TO CONDUCT DOCUMENT DISCOVERY AND NUMEROUS DEPOSITIONS SHOULD BE DENIED IN THIS CASE WHICH IS SUBJECT TO MANDATORY ARBITRATION.

**A.**  **This Case is Governed by the New York Convention and the FAA.**

In evaluating Plaintiffs' request, it is important to bear in mind that Plaintiffs agreed to arbitrate any disputes with Defendant "of whatsoever nature" related to the charter party. Arbitration agreements, such as this, are heavily favored and are to be "rigorously enforced" by U.S. courts. *See, e.g., Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).  Indeed, the Supreme Court declared in *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984), that Congress has "declared a national policy favoring arbitration," thereby mandate[ing]

---

[5] Plaintiffs attempt in their supporting Declaration to portray Defendant as somehow not cooperating with their efforts to obtain information related to the tank rupture incident.  Apart from not being relevant to the current application, their portrayal is simply inaccurate.  The discussions between the parties are detailed in the accompanying Meehan Declaration and the exhibits thereto and demonstrate that Defendant has been more than willing to accommodate reasonable requests for inspection of the vessel and for documents.  Plaintiffs' attempted criticism (which is notably not supported by any contemporary exchanges between the parties) is unfounded.

the enforcement of arbitration agreements." This federal policy "applies with special force in the field of international commerce." *Mitsubishi Motors*, 473 U.S. at 631.

In furtherance of this policy, the U.S. became a signatory to the New York Convention, which is implemented via Chapter 2 of the Federal Arbitration Act. *See* 9 U.S.C. §§ 201-208. "The goal of the New York Convention is to promote the enforcement of arbitral agreements in contracts involving international commerce so as to facilitate international business transactions." *Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 92 (2d Cir. 1999). The Convention therefore requires courts to enforce any written agreement which provides arbitration as the mechanism to resolve international commercial disputes. *See* Convention, 9 U.S.C. §206.[6]

Section 202 defines the type of arbitration agreements that fall under the Convention. For the Convention to apply, there must be a written arbitration agreement that provides for arbitration in the territory of a signatory to the Convention, the subject matter of the relationship between the parties must be commercial, and the dispute cannot be entirely domestic in scope (*e.g.* one of the parties must be foreign). *See, e.g.*, 9 U.S.C. §206; *Smith/Enron Cogeneration*, 198 F.3d at 92. These requirements are all undisputedly met here: there is an agreement in writing to arbitrate the dispute in question. The agreement provides for arbitration in the U.S., a signatory to the Convention, and Defendant Eitzen is a Singapore corporation. (Singapore is also a signatory.) As such, this case is governed by the Convention.[7]

---

[6] Section 206 provides that a court "may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States." 9 U.S.C. §206. Despite the use of the term "may", courts have made clear that when an agreement falls under the Convention, the courts are required to order arbitration. *See Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012, 1018 (2d Cir. 1993) (if court finds agreement falls under Convention, "it must order arbitration unless it finds the agreement null and void, inoperative or incapable of being performed.")

[7] Consequently, in addition to having maritime jurisdiction over this matter, the Court also has original federal question jurisdiction under the Convention, 9 U.S.C. §§ 203, 205.

Because this case falls under the Convention, the provisions of Chapter 1 of the FAA, 9 U.S.C. §§ 1-9, apply to the extent they are not inconsistent with the Convention (*i.e.* Chapter 2 of the FAA). *See* New York Convention, 9 U.S.C. §208; *Nat'l Broadcasting Co., Inc. v. Bear Stearns & Co.*, 165 F.3d 184, 187 (2d Cir. 1999). These provisions, to which Defendant now turns, should consequently govern Plaintiffs' request to conduct discovery.

**B.      Section 7 of the FAA Governs and Does Not Allow Pre-Arbitration Discovery.**

The Second Circuit has recognized that §7 of the FAA is the "only FAA provision to address discovery" and is "straightforward and unambiguous." *Life Receivables Trust v. Syndicate 102 at Lloyd's of London,* 549 F. 3d 210, 214 & 216 (2d Cir. 2008). It outlines clear procedures for the issuance of subpoenas to parties and non-parties in arbitral matters and sets forth those circumstances where the powers of a federal court may be invoked to assist in obtaining evidence in connection with an arbitral dispute. *Nat'l Broadcasting,* 165 F. 3d at 187.

Section 7 states that:

> The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case. The fees for such attendance shall be the same as the fees of witnesses before masters of the United States courts. Said summons shall issue in the name of the arbitrator or arbitrators, or a majority of them, and shall be signed by the arbitrators, or a majority of them, and shall be directed to the said person and shall be served in the same manner as subpoenas to appear and testify before the court; if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

9 U.S.C. §7.

As recognized by the Second Circuit, the methods for obtaining evidence under §7 are limited in several key respects.

> First, §7 explicitly confers authority only upon *arbitrators*; by necessary implication, the *parties* to an arbitration may not employ this provision to subpoena documents or witnesses... Second, §7 explicitly confers enforcement authority only upon the "district court for the district in which such arbitrators, or a majority of them are sitting."... Third, the express language of §7 refers only to testimony before the arbitrators and to material physical evidence, such as books and documents, brought before them by a witness; open questions remain as to whether §7 may be invoked as authority for compelling pre-hearing depositions and pre-hearing document discovery, especially where such evidence is sought from non-parties.

*Nat'l Broadcasting*, 165 F. 3d at 187-88 (internal citations omitted) (italics in original).[8] The FAA therefore permits district courts to assist in obtaining evidence for arbitration proceedings only if witnesses fail to comply with the arbitrators' subpoenas, in which case the district court for the district in which the arbitrators are sitting may compel compliance with such subpoenas. *See* 9 U.S.C. §7. There is no authorization for pre-arbitration discovery as sought here.

The limited scope of §7 is designed to prevent the discovery rules applicable in federal court litigation from intruding on the private arbitral process, a concern which the Second Circuit highlighted in *Nat'l Broadcasting*. While *Nat'l Broadcasting* concerned the scope of 28 U.S.C. §1782 (dealing with the ability of federal courts to order discovery in aid of a proceeding in a "foreign tribunal"), the Second Circuit's comments are relevant here as they demonstrate the court's reluctance to allow broad-based discovery in arbitral matters. The Second Circuit explained:

---

[8] The "open question" noted in *Nat'l Broadcasting* was answered in the negative by the Second Circuit in *Life Receivables Trust v. Syndicate 102 at Lloyds of London*, 549 F. 3d 210 (2d Cir. 2008), where the Second Circuit concluded that §7 does not authorize an arbitrator to order pre-hearing disclosure, especially from non-parties to the arbitration. While the Second Circuit noted that an arbitrators' powers to compel pre-hearing disclosure *from parties* nevertheless could be particularized in the arbitration agreement, the Second Circuit confirmed that §7 standing alone does not authorize such pre-hearing discovery, as it does not distinguish between parties and non-parties. 549 F.3d at 217 ("plain language of section 7 makes no such distinction").

The popularity of arbitration rests in considerable part on its asserted efficiency and cost effectiveness -- characteristics said to be at odds with full scale litigation in the courts, and especially at odds with the broad-ranging discovery made possible by the Federal Rules of Civil Procedure. Few, if any, non-American tribunals of any kind, including arbitration panels created by private parties, provides the kind of discovery that is commonplace in our federal courts and in most, if not all, state courts. If the parties to a private international arbitration make no provision for some degree of consensual discovery *inter se* in their agreement to arbitrate, the arbitrators control discovery, and neither party is deprived of its bargained-for efficient process by the other party's tactical use of discovery devices.

The limitations in §7 of the FAA, described above, are consistent with these traditional discovery limits, which would be overridden by the application of §1782 to proceedings before private arbitral panels. *Opening the door to the type of discovery sought by NBC in this case likely would undermine one of the significant advantages of arbitration, and thus arguably conflict with the strong federal policy favoring arbitration as an alternate means of dispute resolution.* Furthermore, ... broad discovery in proceedings before "foreign or international" private arbitrators would stand in stalk contrast to the limited evidence gathering provided in 9 U.S.C. §7 for proceedings before domestic arbitration panels....

*Nat'l Broadcasting,* 165 F.3d at 190-91 (internal citations omitted) (italics added).

The Second Circuit confirmed the limited role of evidence gathering methods in arbitration matters in 2008 in *Life Receivables*, 549 F.3d 210. In *Life Receivables*, the Second Circuit addressed the question of whether FAA §7 empowers arbitrators to compel witnesses to appear or produce documents in the absence of an arbitration hearing.[9] The Second Circuit answered that question in the negative joining the Third Circuit and construing §7 as not authorizing pre-hearing discovery. The Second Circuit recognized that other circuits (namely the

---

[9] In *Zwitserse Maatschappij Van Levensverzekering En Lijfrente v. ABN Int'l Capital Markets Corp.*, 996 F. 2d 1478 (2d Cir. 1993), the Second Circuit found that a party to an arbitration agreement had waived its right to arbitration by commencing a preliminary witness hearing in Amsterdam prior to initiating arbitration in New York. The party had commenced the proceeding in Amsterdam which allowed it to call six witnesses who responded to questions and provided sworn testimony before an examining judge. Finding that engaging this practice resulted in a waiver of arbitration, the Second Circuit noted that "the hearing permitted ZwitserLeven to unfairly profit from the benefits of discovery that it most likely would not otherwise had been entitled to in arbitration." *See* 996 F. 2d at 1480. This statement again reinforces the Second Circuit's view that obtaining witness testimony outside of the arbitration process is inconsistent with the nature and methodology of arbitration.

Eighth and Fourth Circuits) had held otherwise citing concerns with enhancing arbitral efficiency. The Second Circuit found such concerns "unconvincing since 'any argument in favor of ignoring the literal meaning of the FAA in the name of efficiency seems to cut against Supreme Court precedent' holding that giving effect to private agreements -- rather than encouraging arbitral efficiency -- is the central purpose of the FAA." *Life Receivables,* 549 F. 3d at 216 n.8. The Second Circuit was careful to note that its construction of §7 "does not leave arbitrators powerless" to order the production of documents, because consistent with §7, the arbitrators may order "any person" to produce documents so long as that person is called as a witness to a hearing. *Id.* at 218.[10]

The Fifth Circuit has also recognized the risk of intrusion into the arbitral process of the broad discovery allowed in U.S. court proceedings. *The Republic of Kazakhstan v. Biederman Int'l,* 168 F. 3d 880 (5th Cir. 1999). In *The Republic of Kazakhstan,* the Fifth Circuit (like the Second Circuit in *Nat'l Broadcasting*) was called upon to decide whether the provisions of 28 U.S.C. §1782 should be construed to allow discovery in aid of foreign arbitration as opposed to other types of foreign proceedings. The Fifth Circuit, as did the Second Circuit, concluded that the term "foreign and international tribunals" in §1782 was not intended to authorize resort to United States federal courts to assist discovery in private international arbitrations. The Fifth Circuit reasoned, *inter alia*:

> Skepticism about extending §1782 to private international arbitrations also results from a comparison with domestic United States arbitration procedure. As other courts have noted, domestically constituted arbitration panels, but not any "interested party," can invoke federal court jurisdiction to compel discovery in limited circumstances. Further, federal courts have a duty to

___

[10] While the facts in *Life Receivables* concerned a desire to compel pre-hearing discovery from non-parties to the arbitration, the Second Circuit's interpretation of §7 equally applies to parties as the language of the FAA makes no distinction between parties and non-parties. However, as the Second Circuit also recognized, the parties could agree to confer additional discovery powers on the arbitrators to compel disclosure from the parties, but §7 only confers the powers articulated therein. 549 F.3d at 217.

enforce arbitrators' summonses only within the federal district in which the arbitrators, or a majority of them, are sitting. It is not likely that Congress would have chosen to authorize federal courts to assure broader discovery in aid of foreign private arbitration than is afforded its domestic dispute-resolution counter-part....

> *Empowering arbitrators or, worse, the parties, in private international disputes to seek ancillary discovery through the federal courts does not benefit the arbitration process. Arbitration is intended as a speedy, economical, and effective means of dispute resolution.* The course of the litigation before us suggests that arbitration's principal advantages may be destroyed if the parties succumb to fighting over burdensome discovery requests far from the place of arbitration. Moreover, as a creature of contract, both the substance and procedure for arbitration can be agreed upon in advance. The parties may pre-arrange discovery mechanisms directly or by selecting an established forum or body of governing principles in which the conventions of discovery are settled. Resort to §1782 in the teeth of such agreements suggests a party's attempt to manipulate United States Court processes for tactical advantages. Section 1782 need not be construed to demand a result that thwarts private international arbitrations greatest benefits.

168 F.3d at 883 (emphasis added). Again, while *The Republic of Kazakhstan* concerned §1782, its importance lies in the clear pronouncement of the Fifth Circuit concerning the role of discovery in matters subject to arbitration whether domestic or foreign.

In sum, the FAA/Convention provisions and the controlling cases construing same are unambiguous and do not allow pre-arbitration discovery, as to allow such would undermine the very benefits of arbitration and erode the strong policy favoring arbitration agreements and compelling courts to enforce those agreements.[11] Plaintiffs here agreed to arbitrate, and if they did not want to accept the limited evidence gathering which is available in arbitration, they should have not agreed to arbitration or should have pre-arranged in their arbitration agreement

---

[11] Defendant acknowledges that the Fourth Circuit in *Deiulemar Campania di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473 (4th Cir. 1999), allowed pre-arbitration discovery in a maritime matter in the form of a vessel inspection and preservation of evidence of the ship's condition. The court found that "extraordinary circumstances" authorized the federal court to allow such discovery even though the underlying charter party claim was subject to London arbitration. The Second Circuit has never adopted the reasoning of the Fourth Circuit in *Deiulemar* or the "extraordinary circumstance" exception to the lack of discovery in arbitral matters. To the contrary, as indicated in the cases discussed herein, the Second Circuit has repeatedly exhibited its reluctance to expand the discovery processes into arbitral matters.

"discovery mechanisms directly or by selecting an established forum or body of governing principles in which the conventions of discovery are settled."[12]   They did neither, and they should not now be allowed to circumvent their agreement.

**C.     Neither Federal Rule of Civil Procedure 27 nor C.P.L.R. §3102 Supports Plaintiffs' Position or Authorizes the Depositions Plaintiffs Seek.**

In an effort to find some support for their application, Plaintiffs imply that Federal Rule of Civil Procedure 27 and N.Y. C.P.L.R. §3102 authorizes their quest to depose six crewmembers.  Neither does.

*1.     Plaintiffs' reliance N.Y. C.P.L.R. §3102 is wholly misplaced, as it has no application in this federal court action.*

Section 3102 is a procedure available under the New York Civil Practice Law and Rules which provides that "before an action is commenced, disclosure … to aid in arbitration, may be obtained, but only by court order."  *See* N.Y. C.P.L.R. §3102(c).  This state law procedural rule offers "broader pre-action discovery than comparable federal procedure," *Dublin Worldwide Productions (USA), Inc. v. Jam Theatricals, Ltd.*, 162 F. Supp. 2d 275, 277 (S.D.N.Y. 2001), but even New York state courts have made clear that "pre-action disclosure in connection with an out of court arbitration is frowned upon by the courts."  *In re VTrader Pro, LLC*, 885 N.Y.S.2d 164, 165 (N.Y. Supreme Ct. 2009).  The state courts recognize that "since the parties have chosen an arbitral, rather than judicial, tribunal for their dispute, they should ordinarily seek their disclosure before the arbitrators."  *Id.*

The C.P.L.R. provisions, however, have no application whatsoever in a case pending in federal court.  *Luethke v. Seagram Co.*, 2000 U.S. Dist. Lexis 18591, 8-9 (S.D.N.Y. December 27, 2000) ("Plaintiff's reliance on CPLR §3102(c) for "pre-action" discovery is misplaced.  Now

---

[12] *See The Republic of Kazakhstan*, 168 F.3d at 883.

that the case has been removed to this Court, the Federal Rules of Civil Procedure govern and the CPLR does not apply."); *Peters v. Security Pacific Corp.*, 1990 U.S. Dist. Lexis 336, 1-2 (S.D.N.Y. Jan. 9, 1990) ("Plaintiff having commenced this action in federal court, the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., controls, rather than the New York C.P.L.R."). In addition, Plaintiffs have commenced an actual action in federal court, and as such, C.P.L.R. §3102 "would not in any event apply where, as here, the action has already been commenced." *Luethke*, 2000 U.S. Dist. LEXIS 18591, *8-9 (citing N.Y. C.P.L.R. §3102(c) ("Before an action is commenced, disclosure … may be obtained, but only by court order.")) Indeed, not a single case cited by Plaintiffs in their memorandum involves an application of C.P.L.R. §3102 to a case pending in federal court. The rule simply does not apply and does not provide any support for Plaintiffs' application.[13]

> ### 2. *Plaintiff's reliance on Federal Rule of Civil Procedure 27 is equally misplaced. The Rule does not apply to arbitral matters, and Plaintiffs have not satisfied the Rule's requirements in any event.*

As explained above, the provisions of the Convention and FAA control, and these provisions make clear that the full range of discovery under the Federal Rules of Civil Procedure is not available to parties who have agreed by contract to arbitrate their disputes. *See* discussion *supra*; *see also Peters*, 1990 U.S. Dist. Lexis 336, *1-2. Rule 27 thus cannot supplant the discovery provisions of the Convention/FAA and has no application here, but in any event Plaintiffs have not satisfied the requirements under Rule 27.

---

[13] In their Memorandum, Plaintiffs state that the arbitration clause provides for arbitration in New York "under the laws there in force" and then cite to C.P.L.R. §3102(c), as if that provision somehow applies by virtue of the arbitration agreement. (Plaintiffs' Memo. p. 3.) Plaintiffs however carefully fail to quote the precise language of the arbitration clause. The clause actually provides that any disputes "*shall be put to arbitration* in the City of New York … *pursuant to the laws relating to arbitration* there in force." (emphasis added). This is a standard clause in hundreds of charter parties. There is no reference in the clause to the provisions of New York state civil procedure rules, and Plaintiffs offer no support (either in the text of the charter or in the case law) for the proposition that an arbitration agreement in a maritime contract subject to the New York Convention referencing the laws relating to arbitration (*i.e.* the Convention) somehow equates to an incorporation of state court civil practice procedures.

Rule 27 "permits district courts, in appropriate circumstances, to allow the perpetuation of evidence and testimony prior to the commencement of a plenary action." *Jackson v. Good Shepherd Servs.*, No. 09-cv-5895 (LAK), 2009 U.S. Dist. LEXIS 103504 (S.D.N.Y. Nov. 6, 2009). The sole purpose of Rule 27 is to perpetuate testimony, and in this respect, "the scope of discovery under Rule 27 is much narrower than Rule 26 discovery." *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975). The determination to grant or deny a motion made pursuant to Rule 27 is left to the discretion of the Court. *See Mosseller v. U.S.*, 158 F.2d 380, 382 (2d Cir. 1947).

Rule 27 provides that an order to perpetuate testimony prior to the filing of a federal court complaint is appropriate where the petitioner expects to be a party to an action cognizable in a U.S. court but is presently unable to bring it; and where such perpetuation of testimony may prevent a failure or delay of justice. Fed. R. Civ. Proc. 27; *Jackson*, 2009 U.S. Dist. LEXIS 103504. Consequently, to obtain depositions under Rule 27, a petitioner is obliged to show that (i) it expects to file an action cognizable in federal court that cannot yet be filed, (ii) the substance of the proposed deponents and the reasons why it is important, and (iii) a risk that the testimony will be lost if not preserved. *Jackson*, 2009 U.S. Dist. LEXIS 103504. This standard has not been met and cannot be met in the instant case.

*First*, Plaintiffs have not demonstrated that they expect to file an action cognizable in federal court that cannot yet be filed. By its express terms, Rule 27 applies only before an action is filed. Here, Plaintiffs have already filed a plenary action (which must be stayed pending arbitration). Additionally, Plaintiffs accepted security from Defendant by which they agreed to be treated in the same position as if they had arrested the vessel. (Plaintiffs' Decl. Ex. C: the Letter of Undertaking.) The parties accordingly contractually agreed to treat themselves as if litigation has been commenced, and therefore the Rule 27 remedy is unavailable.

Moreover, as outlined above, the underlying dispute is subject to arbitration, and had Plaintiffs honored their agreement to arbitrate, they could hardly have expected to be parties to a federal court plenary action as required by Rule 27. On this point, the case of *In Re Meridian Bulk Carriers, Ltd.,* 2003 U.S. Dist. Lexis 24203, No. 03-2011 (E.D. La. July 17, 2003), is instructive. There, the time charterer and the voyage charterer sought to perpetuate testimony and preserve evidence under Rule 27 relating to the grounding of a vessel. There was already an on-going arbitration proceeding between the time charterer and the voyage charterer, but even though there was also an arbitration agreement between the time charterer and the owner, there was no indication that such arbitration had been commenced. The charterers' Rule 27 request was aimed at the vessel owner (as is the case here) and included a request to perpetuate the testimony of eight crewmembers of the vessel.

In analyzing the Rule 27 application, the district court recognized that the Fifth Circuit has arguably held that Rule 27 is not available in the case of a private arbitration as the Fifth Circuit has stated that "ancillary discovery through the federal courts does not benefit the arbitration process." *Id.* at 2 (citing *Republic of Kazakhstan,* 168 F. 3d at 883). Putting aside that issue for the time being, the court found that the petitioners could not in any event satisfy the first requirement of Rule 27 because it was highly unlikely that they could expect to be a party in the United States courts when each was bound by an arbitration provision. Therefore, the Rule 27 application was denied.[14] In the same way, Plaintiffs' request here should be denied.

---

[14] The petitioners in *Meridian Bulk Carriers* had also sought discovery pursuant to §7 of the FAA because the New York arbitration panel in their arbitration had issued subpoenas to the named crewmembers for testimony and production of specified documents. The district court acknowledged that there were some questions under the law at that time whether an arbitration panel has the right under the FAA to compel discovery of a non-party prior to the hearing. Assuming that that right existed, the district court allowed the production of documentary evidence but not the deposition testimony of the crewmembers. Accordingly, the district court modified the arbitral subpoenas to

**Secondly**, Plaintiffs have not demonstrated why the testimony of six crewmembers is necessary. Plaintiffs do not articulate any reason why each deposition is needed other than to identify the deponents as crewmembers and to argue that the depositions are needed so that Plaintiffs can draw some conclusions about and establish the "cause of the casualty." (*See* Plaintiffs' Memo. pp. 2, 4.) Rule 27 may not, however, be used as a vehicle for discovery in contemplation of an action, to determine whether a cause of action exists, or to provide litigants with a vehicle for the ascertainment of evidence. *See In re Allegretti*, 229 F.R.D. 93, 96-98 (S.D.N.Y. 2005); *In re Wolfson*, 453 F.Supp. 1087, 1096 (S.D.N.Y. 1978). Yet, this is precisely what Plaintiffs seek with their application. A plain reading of their application reveals that what they are seeking is not perpetuation of known testimony but rather a full-on fishing expedition of numerous crewmembers so that they (Plaintiffs and their surveyors) can evaluate whether they have a case on causation. The inquiry they seek to undertake is thus similar to that authorized as discovery under Rule 26 which is not a permissible inquiry under Rule 27.

**Third**, Plaintiffs have not made "an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed. *In re Allegretti*, 229 F.R.D. 93, 96-98 (S.D.N.Y. 2005). Plaintiffs' only attempt to satisfy this requirement is to point to the fact that the crewmembers who they want to depose are foreigners onboard a vessel about to leave port. If this fact alone were sufficient to satisfy Rule 27, then pre-arbitration discovery (if one accepts Plaintiffs' arguments) would be available in almost every single maritime charter party dispute, as the vast majority of maritime charter party disputes are subject to arbitration and the vast majority of vessels visiting the ports of the U.S. are foreign-flagged and crewed by foreigners. Certainly, before Rule 27 should be construed as having such far-reaching

---

allow the production of the documentary evidence specified therein, but quashed the subpoenas as to the deposition testimony sought from the crewmembers.

implications and eroding the very arbitration agreements which Congress and the courts have sought to foster, there should not only be a clear statutory pronouncement which allows resort to Rule 27 in maritime arbitration matters (which there is not), but also an unequivocal showing by petitioners that the requirements of Rule 27 are met. No such showing has been made here, and Plaintiffs have not satisfied their Rule 27 burden.

**D.     The Cases Relied Upon by Plaintiffs Are Not Controlling, Not Applicable and Are Against the Pronouncements of the Second Circuit Concerning the Scope of Discovery in Arbitral Matters.**

Apparently recognizing that the specific requirements of Rule 27 are not satisfied, Plaintiffs turn to a string of citations which they contend supports their application because those cases demonstrate that "the courts have liberally applied these statutes [C.P.L.R. §3102 and Rule 27] to perpetuate testimony and preserve evidence involving a casualty on a ship which is due to sail." (Plaintiffs' Memo. p. 3). These cases are inapplicable for so many reasons.

To begin, none of these cases involves C.P.L.R. §3102, as implied by Plaintiffs, and thus they do not support Plaintiffs' attempt to seek support in that state court procedure. Further, at least one of the cases cited, *Phibro Commodities v. M/V Rizcun Trader*, 1997 A.M.C. 2025 (E.D. Pa. 1997), did not involve a claim subject to arbitration, as is the case here.[15] The case of *In re Campania Chilena* involved a situation where the petitioners (unlike Plaintiffs' here) had demonstrated they might be parties to actual federal court litigation apart from the dispute subject to arbitration. Two of the cases (*Bergen Shipping* and *Ferro Union Corp. v. S.S. Ionic Coast*) are over 30 years old and pre-date the Supreme Court pronouncements that confirmed the strong federal policy favoring arbitration and the Congressional mandate requiring enforcement

---

[15] *Rizcun Traders* involved a London litigation forum selection clause which does not implicate the same strong federal policy that favors arbitration agreements.

of arbitration agreements particularly those implicating international commerce. *See, e.g., Keating,* 465 U.S. at 10; *Mitsubishi Motors,* 473 U.S. at 631.

More importantly, none of the cases cited by Plaintiffs is controlling, as they are all at the district court level with the exception of the single case from the Fourth Circuit (*Deiulemar*) which is not controlling either. While these non-controlling cases have found that Rule 27 permits discovery "in aid of arbitration" in "limited extraordinary circumstances," the Second Circuit has never adopted such an interpretation of the rules. To the contrary, the Second Circuit has repeatedly confirmed that judicial foray into arbitral matters through the discovery procedures should be circumscribed. *See* cases cited *supra.*[16]

Defendant Eitzen also submits that those courts which have grafted onto Rule 27 the "in aid of arbitration" and "extraordinary circumstances" standards are wrong. Such a construction finds no support in the text of the Rule, the language of the FAA or any other statutory pronouncement. Rule 27, like the FAA, is unambiguous and must be applied as written. As the rule only pertains to situations in which a federal plenary suit may be filed, it can have no application to matters subject to arbitration. The FAA instead controls issues of discovery in arbitral matters, and it does not permit pre-arbitration discovery as sought here. To construe Rule 27 and the FAA otherwise would run afoul of those rules and the letter and spirit of the Second Circuit's pronouncements on the role of discovery in arbitration matters, and "risks a plunge into judicial control over arbitration." *See Suarez-Valdez,* 858 F.2d at 649 n.1.

Moreover, it cannot be forgotten that the arbitrators will have the power to order/compel the attendance of witnesses at the arbitration hearings. *See* 9 U.S.C. §7. If the panel determines

---

[16] While the Eleventh Circuit has not explicitly addressed whether a district court might order discovery to aid in arbitration where extraordinary circumstances are present, it has commented that "[c]onceivably such a rule risks a plunge into judicial control over arbitration." *Suarez-Valdez v. Shearson Lehman/Am. Exp., Inc.,* 858 F.2d 648, 649 n.1 (11th Cir. 1988).

that the testimony of six crewmembers is necessary, they can issue an appropriate order in the context of the arbitration. If these witnesses are not available at that time, then the panel can determine how it wishes to handle that situation. As the Second Circuit confirmed in *Life Receivables*, "an arbitrator can enforce his or her discovery order through, among other things, drawing a negative inference from a party's refusal to produce, and, ultimately, through rendering a judgment enforceable in federal court." 549 F.3d at 217.

Plaintiffs knew these were the rules to be applied by virtue of their agreement to arbitrate. They knew full well that arbitration does not include the extensive discovery, including depositions, which is available in litigation. Again, as recognized by Judge Haight, an agreement to arbitrate "necessarily carries with it the foregoing of discovery procedures otherwise available in litigation. To hold otherwise would disregard the parties' contract." *Peters v. Security Pacific Corp.*, No. 89-cv-6791 (CSH), 1990 U.S. Dist. Lexis 336, *1-2 (S.D.N.Y. Jan. 9, 1990). Less than full discovery was part of the deal Plaintiffs agreed to and they should not be allowed to change the deal after the fact, particularly where the rushed six depositions they seek will be cumulative and disruptive to the vessel's operations and Coast Guard required repairs and time-consuming and expensive, which is precisely what arbitration is designed to avoid.

## CONCLUSION

For the above reasons, Defendant Eitzen requests that Plaintiffs application to conduct extensive documentary and deposition discovery be denied. In the alternative, should the Court decide to construe Rule 27 as allowing pre-arbitration discovery, Defendant Eitzen submits that the Court should exercise its discretion and limit the magnitude of the discovery sought. *See Mosseller*, 158 F.2d at 382 (the decision to grant any relief pursuant to Rule 27 is committed to the sound discretion of the district court).

Respectfully submitted,

Wayne D. Meehan
Gina M. Venezia
FREEHILL HOGAN & MAHAR, LLP
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
*Attorneys for Defendant Eitzen*

## CERTIFICATE OF SERVICE

     I hereby certify that on February 4, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below service list in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

**VIA CM/ECF and VIA EMAIL**

Michael Marks Cohen
William Fennell
Nicoletti Hornig & Sweeney
Wall Street Plaza
88 Pine St., Seventh Floor
New York, NY 10005

/s/ Wayne D. Meehan
Wayne D. Meehan
